UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESA MARIA MARTINO,

    Plaintiff,

v.                                                            Case No. 8:22-cv-2187-TPB-SPF

TRACI BRYANTON, et al.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT AND CLOSING CASE

This matter is before the Court *sua sponte* on Plaintiff Lesa Maria Martino's *pro se* complaint, filed on September 21, 2022. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

Martino initiated this action seeking relief from a summary final judgment entered against her in a state-court libel action. The underlying state court case appears to stem from an ongoing dispute between Martino and Traci Samuel. Martino attempts to argue that her constitutional rights were violated when the state court entered summary final judgment against her.

Martino has already litigated substantially similar or identical claims in this court.[1] On December 9, 2019, Judge Virginia M. Hernandez Covington dismissed

---

[1] A review of the Middle District of Florida dockets reflect that Martino has filed a number of cases that appear related to Martino's ongoing dispute and various state court cases, in addition to the instant case: *Martino v. Hayter*, 8:22-cv-2181-CEH-CPT (M.D. Fla. Sept. 20, 2022); *Martino et al. v. Weis et al.*, No. 8:21-cv-2979-MSS-TGW (M.D. Fla. Dec. 27, 2021); *Martino v. Weidner et al.*, No. 8:21-cv-2585-SDM-SPF (M.D. Fla. Nov. 3, 2021); *Martino v.*

Martino's claims due to lack of subject matter jurisdiction.  *See Martino v. Samuel*, No. 8:19-cv-1703-VMC-TGW (M.D. Fla. 2019) (Docs. 33; 39).  As Judge Covington explained in her prior Orders, Martino's allegations fail to demonstrate the existence of subject matter jurisdiction because "Martino's claim that she was denied due process is 'inextricably intertwined' with the state-court judgment, and review by this Court is precluded by the *Rooker-Feldman* doctrine."[2]  (*Id.*).

Martino again seeks relief from the underlying state-court judgment.  Although she attempts to frame her allegations as violations by private individuals rather than the state court,[3] her claims are still premised on the state court's underlying ruling, so any relief granted in this proceeding would effectively nullify

---

*Peacock*, No. 8:21-cv-2390-WFJ-TGW (M.D. Fla. Oct. 12, 2021); *Martino v. Hudson*, No. 8:21-cv-2035-SDM-CPT (M.D. Fla. Aug. 24, 2021); *Martino et al. v. Campbell et al.*, No. 8:21-cv-1636-KKM-JSS (M.D. Fla. July 28, 2021); *Martino v. Campbell*, No. 8:20-cv-694-VMC-SPF (M.D. Fla. Mar. 25, 2020); *Martino v. Manning*, No. 8:19-cv-3054-MSS-CPT (M.D. Fla. Dec. 12, 2019); *Martino v. Samuel*, No. 8:19-cv-1703-VMC-TGW (M.D. Fla. July 15, 2019).

[2] "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted).  This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 Fed. App'x. 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).  The Eleventh Circuit has explained that the *Rooker-Feldman* doctrine "applies only when litigants try to appeal state court losses in the lower federal courts." *Behr v. Campbell*, 8 F.4th 1206, 1214(11th Cir. 2021).

[3] In this purported § 1983 action, Martino names private party defendants in her complaint.  "A private party may be considered a state actor for purposes of § 1983 only in the 'rare circumstances' that one of three conditions is satisfied: the public function test, the state compulsion test, and the nexus/joint action test." *Davis v. Self*, 547 Fed. App'x 927, 933-34 (11th Cir. 2013). Upon review of the allegations in the complaint, the Court concludes that Martino does not include allegations or claims with respect to any of the private party defendants and fails to establish whether the private party defendants are state actors for purposes of § 1983.  Furthermore, based on the facts alleged, she is unable to do so. The only basis for "state action" is that the events complained of occurred within a lawsuit filed against her in state court.

the state-court judgment. As such, the Court is precluded from exercising subject matter jurisdiction over this case under *Rooker-Feldman*. Accordingly, this action is dismissed.

Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond. *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011)). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* (citing *Tazoe,* 631 F.3d at 1336). Because the complaint in this case is patently frivolous and any amendment would be futile, the case is dismissed without leave to amend.

Although this dismissal is without prejudice because it is based on lack of subject matter jurisdiction, Martino should not understand this to mean that she can continue to refile the same or substantially similar lawsuits. Martino is warned that if she continues to file frivolous cases here or in any other court, she may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Martino without first obtaining prior leave of the Court.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>30th</u> day of September, 2022.

                                  **TOM BARBER**
                                  **UNITED STATES DISTRICT JUDGE**